UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:19-cv-00277-DME-STV

TAMARA D. GLOVER,

     Plaintiffs,

v.

PENNYMAC LOAN SERVICES, LLC,

     Defendant.

---

## PENNYMAC LOAN SERVICES, LLC'S MOTION TO DISMISS

Defendant PennyMac Loan Services, LLC moves to dismiss plaintiff Tamara D. Glover's complaint pursuant to Federal Rule of Civil 12(b)(6).

D.C.Colo.LCivR 7.1 Certification:  We certify telephonic conferral with Ms. Glover's counsel on February 21, 2019.  After discussion of the bases for this motion, Ms. Glover's counsel will not be amending the complaint.  The complaint is incurable by amendment.

## I.     INTRODUCTION

Ms. Glover solely alleges Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (**FDCPA**), claims against PennyMac in the complaint.  But PennyMac must be a debt collector to have FDCPA liability.  FDCPA and Tenth Circuit precedent is clear—a servicer is not a debt collector if the loan was current when servicing transferred.  Ms. Glover admits the loan was never in default.  She makes zero allegations she was even delinquent on the loan before the original lender transferred servicing to PennyMac.  PennyMac received three payments—for the

only three months it serviced the loan—and then Ms. Glover paid off the loan.  The complaint

confirms the loan was not in default when PennyMac began servicing it and PennyMac is not a

debt collector and can have no FDCPA liability. Dismissal with prejudice is warranted.

## II.    FACTUAL ALLEGATIONS

Ms. Glover obtained a $150,000 loan from SWBC Mortgage Corporation.  (ECF No. 1 at

¶ 9.)  A deed of trust securing the loan was recorded October 10, 2012.  (Request for Judicial

Notice (**RJN**), Ex. A.)  Loan servicing transferred from SWBC to PennyMac in November 2018.

(ECF No. 1 at ¶ 11.)  Ms. Glover admits she was always current on her mortgage.  (*Id.* at ¶ 11.)

She makes no allegation SWBC informed her she was past due, delinquent, or in default on the

loan.  (*See generally, id.*)  Ms. Glover also alleges her mortgage payments were current when

servicing transferred to PennyMac.  (*Id.* at ¶ 11, 38.)

Ms. Glover claims PennyMac placed up to 15 telephone calls asking her for payment

after servicing transferred in November 2018.  (*Id.* at ¶ 12, 18.)  She is vague on what payment

PennyMac sought to collect.  Ms. Glover informed PennyMac her payments were current and

requested the calls stop.  (*Id.* at ¶ 14.)  She claims PennyMac did not immediately cease calls,

and filed her complaint for FDCPA violations.  (*Id.* at ¶ 16-19, 38.)  Ms. Glover complains the

calls were inconvenient and harassing and PennyMac falsely misrepresented the status of the

loan.  (*Id.* at ¶ 33-35, 38.)  She seeks inexplicit damages, but admits she paid off the loan through

refinance before filing suit on January 31, 2019.  (*Id.* at ¶ 21.)

## III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

47996548;1

U.S. 662, 678 (2009). The court must grant a motion to dismiss under Rule 12(b)(6) when a plaintiff can prove no set of facts in support of the claims entitling the plaintiff to relief. *Maez v. Mountain States Tel. & Tel., Inc.,* 54 F.3d 1488, 1496 (10th Cir. 1995). "[A] claim must be facially plausible, meaning that the 'factual content … allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010). A formulaic recitation of the elements, because of its conclusory nature, is not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV. ARGUMENT

Ms. Glover must allege PennyMac is a debt collector to state an FDCPA claim. *Obduskey v. Wells Fargo*, 879 F.3d 1216, 1219 (10th Cir. 2018). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . another." 15 U.S.C. § 1692a(6). But it excludes "any person collecting or attempting to collect any debt . . . which was not in default at the time it was obtained by such person" from the definition. *Obduskey*, 879 F.3d at 1219 (quoting 15 U.S.C. § 1692a(6)(F)). "[U]nder § 1692a(6)(F)(iii), the classification of a debt collector depends upon the status of a debt, rather than the type of collection activities used." *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 86 (2d Cir. 2003). Plaintiff bears the burden of establishing defendant is a debt collector under the FDCPA. *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll &*

*Bertolotti*, 374 F.3d 56, 60 (2d Cir. 2004); *Cotter v. GMAC Mortg., LLC*, No. 12-15382, 2013 WL 3979371, at *3 (E.D. Mich. Aug. 2, 2013).

In *Obuduskey*, the Tenth Circuit explained the Senate committee did not "intend the definition [of a debt collector] to cover . . . mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing." 879 F.3d at 1219 (quoting S. Rep. No. 95-382, at 3-4 (1977)). It held the loan servicer was not a debt collector because plaintiff admitted it began servicing the loan before he went into default and continued to do so after he defaulted. *Id.* at 1219-1220. The court confirmed the complaint was properly dismissed for failure to state an FDCPA claim. *Id.* at 1220.

Ms. Glover's complaint must also be dismissed. She admits she "has always been current on the mortgage loan with SWBC." (ECF No. 1 at ¶ 10.) She alleges she was current on her mortgage payments when PennyMac purportedly called her. (*Id.* at ¶ 38.) These allegations establish PennyMac began servicing the loan before it went into default. (*Id.* at ¶ 10, 11, 38.) By her own admissions, Ms. Glover cannot state an FDCPA claim against PennyMac because PannyMac is not a debt collector. *See id.*

Ms. Glover's remaining allegations also prove the loan was never in default when PennyMac began servicing. "Courts have repeatedly distinguished between a debt that is in default and a debt that is merely outstanding, emphasizing that only after some period of time does an outstanding debt go into default." *Alibrandi*, 333 F.3d at 86; *Zirogiannis v. Seterus, Inc.*, 221 F.Supp.3d 292, 302 (E.D.N.Y 2016) ("[A] delinquent loan is not necessarily in default"); *Pappetti v. Rawlings Fin. Servs., LLC*, No. 15 Civ. 2933, 2016 WL 4030863, *3 (S.D.N.Y. July 25, 2016) ("[A] debt is not 'in default' merely because it is due."). Default does not occur until

well after a debt is outstanding. *Alibrandi*, 333 F.3d at 86-87. Parties may "contractually set the period of delinquency preceding default," but various "federal regulations have defined default as commencing anywhere between thirty and 270 days after a debt becomes due." *Id.*

Ms. Glover does not allege she was so much as past due on the loan, or PennyMac believed she was past due, before servicing transfer. *See Obuduskey*, 879 F.3d at 1219 (explaining a loan servicer is not a debt collector unless it started servicing the loan after the borrower went into default). She admits PennyMac did not request payment until after it obtained servicing rights. (ECF No. 1 at ¶ 12 ("Immediately after Defendant took over servicing of the mortgage loan in early November 2018, Defendant began placing a series of collection phone calls to Plaintiff seeking to collect mortgage payments.").) No allegations exist that PennyMac or SWBC claimed Ms. Glover was delinquent before servicing transferred. PennyMac cannot be a debt collector because there is no indication it believed Ms. Glover was even behind on the loan even after SWBC transferred the loan to PennyMac. *See id.*

But even if PennyMac believed the loan was past due before servicing transferred, the loan must have been in default at the time PennyMac obtained it from SWBC for PennyMac to be a debt collector. *See Obduskey*, 879 F.3d at 1219; 15 U.S.C. § 1692a(6)(F). Ms. Glover's allegation "Defendant is a 'debt collector' because it treated the subject debt as though it was in default" is merely a formulaic recitation of the statute and fails under Supreme Court and Tenth Circuit precedent. (ECF No. 1 at ¶ 30.) "Legal conclusions can provide the framework of a complaint, [but] they must be supported with factual allegations." *Burnett v. Mortg. Elec. Reg. Sys., Inc.*, 706 F.3d 1231, 1241 (10th Cir. 2013). Bare allegations simply listing the elements of an FDCPA claim without factual support are conclusory and not entitled to an assumption of

truth. *Id.* (holding plaintiff's allegation "neither MERS nor Woodall gave any of the required notices" under section 1692g were merely legal conclusions and entitled to dismissal).  And no Tenth Circuit case finds allegedly treating a loan as in default after servicing transfers is sufficient to make the servicer a debt collector under the FDCPA.

Ms. Glover states zero facts showing the debt was in default pre-transfer.  She does not claim the debt was sufficiently delinquent to be deemed in default when PennyMac assumed servicing.   Ms. Glover also does not allege she incurred late fees, PennyMac initiated foreclosure, or her delinquency was reported to any credit reporting agency.  She simply alleges PennyMac sought to "collect purportedly past due payments on the mortgage loan" after SWBC transferred the loan to PennyMac in November 2018.  (ECF No. 1 at ¶ 18.)  But Ms. Glover admits she was always current on her payments and makes no allegation SWBC stated the loan was delinquent when it was the servicer.  (*Id.* at ¶ 11, 18.)  The only logical conclusion is Ms. Glover's payments were timely for the month before servicing transferred.  PennyMac could have only sought to collect payments due immediately before or immediately after SWBC transferred the loan.    This is far short of the 30 to 270 day delinquency guideline before a loan goes into default under federal regulations.  *See Alibrandi*, 333 F.3d at 87.

Ms. Glover also does not allege the original lender contractually set the period of delinquency preceding default.  But the judicially noticeable deed of trust shows it did.  The deed of trust states the events which trigger default: (i) failing to make a monthly payment prior to or on the due date of the next monthly payment; or (ii) failing to perform any other obligation contained in the deed of trust for 30 days.  (RJN, Ex. A.)  The deed of trust confirms Ms. Glover must have been past due on her payments for at least 30 days or the entire preceding month for

the loan to be in default when servicing transferred to PennyMac.  (*Id.*); *See Obduskey*, 879 F.3d at 1219.  Her own allegations admit she was not.  (ECF No. 1 at ¶ 10, 11, 38.)

## V.  CONCLUSION

Ms. Glover's allegations admit PennyMac is not a debt collector.  She states zero facts showing she defaulted before PennyMac assumed servicing.  PennyMac can have no FDCPA liability.  The complaint should be dismissed with prejudice.

Respectfully submitted, this the 6th day of March, 2019.

*s/ Erin Edwards*
Justin D. Balser
Erin E. Edwards
**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:      (303) 260-7712
Facsimile:      (303) 260-7714
Email: justin.balser@akerman.com
Email: erin.edwards@akerman.com

*Attorneys for defendant
PennyMac Loan Services, LLC*

47996548;1

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2019, I electronically filed and served the foregoing **PENNYMAC LOAN SERVICES, LLC'S MOTION TO DISMISS** using the CM/ECF System upon the following:

Nathan C. Volheim
Taxiarichis Hatzidimitriadis
Sulaiman Law Group, Ltd.
2500 South Highland Ave, Suite 200
Lombard, Illinois 60148

*Counsel for plaintiff Tamara Glover*

*s/ Katie O'Shea*
Katie O'Shea

47996548;1