**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00277-DME-STV

TAMARA D. GLOVER,

      Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC,

      Defendant.

---

**ORDER GRANTING MOTION TO DISMISS (Doc. 9)**

---

Plaintiff Tamara Glover contends that Defendant PennyMac Loan Services, LLC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. In its Fed. R. Civ. P. 12(b)(6) motion to dismiss currently before this Court, PennyMac asserts that it is not a "debt collector" subject to the FDCPA's requirements. (Doc. 9.) Upon consideration of the parties' pleadings, the Court agrees and, therefore, GRANTS PennyMac's motion to dismiss. In addition, the Court DENIES PennyMac's "Request for Judicial Notice." (Doc. 10.)

**I. BACKGROUND**

Glover alleges the following: "In 2013, [she] took out a mortgage with SWBC Mortgage Corporation ('SWBC') for approximately $150,000.00 ('mortgage loan')." (Doc. 1 ¶ 9.) "[Glover] has always been current on the mortgage loan with SWBC." (Id. ¶ 10.) "On or about October 16, 2018, [Glover] received correspondence from SWBC advising that, effective November 2, 2018, servicing of the mortgage loan was being

transferred to [PennyMac]." (Id. ¶ 11.) "Immediately after [PennyMac] took over servicing of the mortgage loan in early November 2018, [PennyMac] began placing a series of collection phone calls to [Glover] seeking to collect mortgage payments upon which [Glover] purportedly defaulted." (Id. ¶ 12.) Although "[Glover] advised [PennyMac] that she was current on her payments and further demanded," "on numerous occasions," "that [PennyMac] stop placing phone calls to her regarding the mortgage loan," PennyMac's calls to Glover did not stop. (Id. ¶¶ 14-16.) Eventually "[Glover] incurred significant pecuniary loss" by "re-financing [her] mortgage loan with a different mortgage servicer so as to avoid further harassment from [PennyMac]." (Id. ¶ 21.)

For purposes of PennyMac's Rule 12(b)(6) motion, the Court accepts Glover's well-pled factual allegations as true. See Bistline v. Parker, 918 F.3d 849, 862 (10th Cir. 2019). To survive a motion to dismiss, Glover must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]hat plausibility standard is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" United States ex rel. Reed v. KeyPoint Gov't Solutions, 923 F.3d 729, 770 (10th Cir. 2019) (quoting, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## II. ANALYSIS

The question of whether PennyMac is a "debt collector" subject to the FDCPA's requirements begins and ends with the language of the statute. In relevant part, the

FDCPA provides that the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). Glover alleges that her loan was never in default. Under the statute, then, PennyMac was not a "debt collector." See Obduskey v. Wells Fargo, 879 F.3d 1216, 1219-20 (10th Cir. 2018) (applying 15 U.S.C. § 1692a(6)(F)(iii) to hold that loan servicer who received loan before it went into default was not a "debt collector" under the FDCPA), aff'd on other grounds, 139 S. Ct. 1029, 1031 (2019).

Glover responds that, even though her loan was never in default, PennyMac should be deemed a "debt collector" under the FDCPA because it treated her loan "as though it was in default" (Doc. 1 ¶ 30). But the plain language of the statute does not provide for that. The statute does not make an entity a "debt collector" because it thought the debt was in default or because it reasonably believed the debt was in default. Instead, the statute provides that "[t]he term [debt collector] does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added).

Glover cites two circuits outside the Tenth Circuit that have deemed an entity to be a "debt collector" because it mistakenly treated a debt as being in default. See Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 537-39 (7th Cir. 2003); see also

<u>Bridge v. Ocwen Fed. Bank, FSB</u>, 681 F.3d 355, 362-63 (6th Cir. 2012).  But those cases contradict the plain language of the statute.

If the plain language of the statute were not enough—and here it is—there are solid policy reasons for Congress choosing to adopt such a bright-line rule—either a debt is in default or it is not.  It would present difficult questions of proof if the court had to determine whether a purported "debt collector" believed a debt was in default, and when the purported debt collector acquired such a belief.  Such questions of belief become even more complicated when, as here, the purported debt collector is a business entity, because the court may then have to consider the intentions and beliefs of a number of the entity's employees or principals.  Congress decided to provide, instead, an objective bright-line rule—either a debt is in default or it is not when the purported debt collector obtained it—in order to avoid requiring courts to tackle such complicated questions of corporate intent and belief in FDCPA cases, which often involve small amounts of damages.

In any event, Congress's plain statutory language provides that a person is <u>not</u> a "debt collector" if the "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was <u>not in default at the time it was obtained</u> by such person."  15 U.S.C. § 1692a(6)(F)(iii) (emphasis added).  There is no question here that the facts correspond to the allegations in the complaint that the debt at issue here was not in default at the time PennyMac obtained it.

Accordingly,

4

- the Court GRANTS PennyMac's Rule 12(b)(6) motion to dismiss (Doc. 9), and

- DENIES PennyMac's "Request for Judicial Notice" as moot (Doc. 10).

- The Clerk's office should enter judgment in favor of PennyMac.

Dated this __5th__ day of ___June__, 2019.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE